# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| BOBBY T. STANFORD, | : | |
| | : | |
| Plaintiff | : | |
| | : | 7:05-CV-79 (HL) |
| vs. | : | |
| | : | |
| ASHLEY PAULK, | : | |
| LIEUTENANT ELKINS, | : | |
| B. LANE, SHIRLEY LEWIS, | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| JOHN DOE, JANE DOE, | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |
| | : | |
| Defendants | : | |

## RECOMMENDATION

*Pro se* prisoner plaintiff **BOBBY T. STANFORD,** presently confined at the Lowndes County Jail ("Jail") in Valdosta, Georgia filed the above-styled complaint pursuant to 42 U.S.C. § 1983.

## I. STANDARD OF REVIEW

### A. 28. U.S.C. § 1915(e)(2)

Because plaintiff sought leave to proceed *in forma pauperis*, the Court is conducting a review of the instant complaint for frivolity under 28 U.S.C. § 1915(e)(2). Notwithstanding any filing fee or portion thereof that might have been paid, a court is required to review prisoner complaints with a view toward dismissing the complaint or any portions thereof if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28  U.S.C. §§ 28 U.S.C. 1915A, 1915(e)(2).

Dockets.Justia.com

An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. ***Neitzke v. Williams***, 490 U.S. 319 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, the claim seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations. ***Id***. at 327; *See also* ***Clark v. Georgia Pardons & Paroles Bd.***, 915 F.2d 636, 640 n. 2 (11th Cir. 1990).

### B. General Requirements of 42 U.S.C. § 1983

In any action under 42 U.S.C. § 1983, the initial question presented to the court is whether the essential elements of a § 1983 cause of action are present. First, a plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States. Second, he must allege that the act or omission was committed by a person acting under color of state law. ***Parratt v. Taylor***, 451 U.S. 527, 535, *overruled in part on other grounds*, 474 U.S. 327 (1986).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges in the complaint that various Jail employees: (1) confiscated legal materials, books and other property in violation of his constitutional rights; (2) failed to dispense prescription medication; (3) denied him access to the law library[1]; and (4) placed him in administrative isolation in retaliation for lodging complaints. In addition, plaintiff alleges the general conditions of his confinement violate his constitutional rights. Plaintiff states, *inter alia*, that he was placed in a "filthy" cell that did not have running water, does not get sufficient exercise and is served cold food.

---

[1] Plaintiff states in the complaint that he was taken to the law library after complaining about the denial of access. Plaintiff further states that the library lacked adequate materials.

Plaintiff names Ashley Paulk, Lowndes County Sheriff, Lieutenant Elkins, Jail Chief of Security, B. Lane, Jail staff member, Shirley Lewis, Jail Medical Director and John and Jane Doe as defendants.

## III. DISCUSSION

### A. *John and Jane Doe*

Fictitious party practice is not permitted by the Federal Rules of Civil Procedure or any other statute. **Weeks v. Benton**, 649 F.Supp. 1297 (S.D. Ala. 1986)(citations omitted).

However, in **Dean v. Barber**, 951 F.2d 1210 (11th Cir. 1992), the Eleventh Circuit stated that when a plaintiff is proceeding *pro se* he must be "treated with special care." *Id*. at 1215.

Based on this reasoning, the Eleventh Circuit allowed a John Doe defendant to be joined until the *pro se* plaintiff had an opportunity to ascertain the real identity of the defendant. The court explained.

> It is important to distinguish suing fictitious parties from real parties sued under a fictitious name. There may be times when, for one reason or another, the plaintiff is unwilling or unable to use a party's real name. Also, one may be able to describe an individual (e.g., the driver of an automobile) without stating his name precisely or correctly.

In the case at bar, plaintiff has not adequately described the persons to be sued so that said parties can be identified for service. Further, plaintiff has failed to set forth any allegations against said defendants under § 1983 or otherwise. Accordingly, the undersigned **RECOMMENDS** that the John and Jane Doe defendants be **DISMISSED** without prejudice. Plaintiff may later amend his complaint provided he is able to ascertain the proper names.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this **RECOMMENDATION** with United States District Judge to whom this case is assigned, by filing

the same in writing with the Clerk **WITHIN TEN (10) DAYS** after being served with a copy thereof.

### B. *Defendants Sheriff Ashley Paulk, Lt. Elkins, B. Lane and Shirley Lewis*

By separate order, plaintiff's claims against defendants Sheriff Ashley Paulk, Lieutenant Elkins, B. Lane and Shirley Lewis will be allowed to proceed.

**SO RECOMMENDED**, this 26th day of October, 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

mh