IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| BOBBY T. STANFORD, | : |
| Plaintiff, | : |
| VS. | : CIVIL ACTION FILE NO. |
| | : **7 : 05-CV-79 (HL)** |
| ASHLEY PAULK, Sheriff, et. al, | : |
| Defendants. | : |

## RECOMMENDATION

Presently pending in this *pro se* prisoner § 1983 action are plaintiff's motion for a temporary restraining order and preliminary injunction (Document 3) and his motion for default judgment (Document 15).

Plaintiff alleges in the complaint that defendants: (1) confiscated legal materials, books and other property in violation of his constitutional rights; (2) failed to dispense prescription medication; (3) denied him access to the law library; and (4) placed him in administrative isolation in retaliation for lodging complaints. In addition, plaintiff alleges the general conditions of his confinement violate his constitutional rights. Plaintiff states, *inter alia*, that he was placed in a "filthy" cell that did not have running water, does not get sufficient exercise and is served cold food.

*1. Plaintiff's Motion for a Temporary Restraining Order/Preliminary Injunction (tab 3)*

Plaintiff has submitted a well-written brief outlining his request for a temporary restraining order and preliminary injunction involving his access to the courts, writing materials, law library, clean clothes, proper medical attention including prescribed medications, and involving

the nature of his confinement in administrative segregation where his cell has poor circulation and is filthy.

In order to obtain injunctive relief, a plaintiff must prove that: 1) there is a substantial likelihood that he will prevail on the merits; 2) he will suffer irreparable injury unless the injunction issues; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) the injunction, if issued, would not be adverse to the public interest. <u>Zardui-Quintana v. Richard</u>, 768 F.2d 1213, 1216 (11th Cir. 1985); <u>Snook v. Trust Co. of Georgia Bank of Savannah, N.A.</u>, 909 F.2d 480, 483 (1990). Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available. <u>Cunningham v. Adams</u>, 808 F.2d 815, 821 (11th Cir. 1987).

The preliminary injunction is "an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites; [furthermore], '[t]he burden of persuasion in all of the four requirements is at all times upon the plaintiff.'" <u>United States v. Jefferson County</u>, 720 F.2d 1511, 1519 (11th Cir.1983) (quoting <u>Canal Authority v. Callaway</u>, 489 F.2d 567 (5th Cir.1974)).

Plaintiff states that he is under the care of a physician for hypertension, and that defendants are not giving him his prescribed medications. However, defendant Lewis has filed documentation that plaintiff is in fact receiving medication for hypertension and all other prescribed medications since his transfer to Valdosta State Prison on June 10, 2005. Defendant Lewis has submitted the order form for the medication dated June 10, 2005, the date plaintiff arrived at Valdosta State Prison, as well as treatment notes for the dispensing of medication. It would appear that plaintiff's request is moot. Plaintiff cannot show that he is in imminent

danger in the face of the documentation defendant has provided.  Furthermore,  plaintiff has not satisfied the undersigned that the harm to plaintiff is imminent as a result of any of the other grounds raised by plaintiff, or that failure to grant this motion at this time will result in irreparable injury to him or to his rights.  Consequently, it is the RECOMMENDATION of the undersigned that plaintiff's motion for a temporary restraining order be **DENIED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Court, Middle District of Georgia, WITHIN TEN (10) DAYS of receipt thereof.

*2. Plaintiff's Motion for Default Judgment (Doc. 15)*

Plaintiff has also filed a motion for default judgment.  The undersigned ordered that defendants be served by order dated October 26, 2005.  A request for personal service to the U.S. Marshals by the Clerk of Court was not filed until January 9, 2006.  Defendants filed their answer to the complaint on January 10, 2006.  Defendants are not in default, and it is the RECOMMENDATION of the undersigned that plaintiff's motion for default judgment be **DENIED**.

**SO RECOMMENDED**, this 4th day of February, 2006.

        //S Richard L. Hodge
        RICHARD L. HODGE
        UNITED STATES MAGISTRATE JUDGE