## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| **BOBBY T. STANFORD,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 7:05-cv-79 (HL) |
| | : | |
| **ASHLEY PAULK, et al.,** | : | |
| | : | |
| Defendant. | : | |

_____

## ORDER

On March 30, 2006, Defendant Shirley Lewis ("Lewis") filed a Suggestion of Death (Doc. # 33), alleging Plaintiff Bobby T. Stanford ("Stanford") had died on March 23, 2006. In addition to filing this document with the Court, Lewis provided a Certificate of Service indicating she had served a copy of it on defense counsel for the remaining three defendants in the case. For the reasons stated below, the Court finds the requirements of service under Federal Rule of Civil Procedure 25(a)(1) have not been satisfied and directs Defendants serve the successors or representatives of Stanford's estate with the Suggestion of Death, pursuant to Federal Rule of Civil Procedure 4(d)(1). Until the personal representative of decedent's estate has received service of the Suggestion of Death, the ninety-day limitations period to file a motion to substitute shall not begin to run.

## I.    FEDERAL RULE OF CIVIL PROCEDURE 25(a)(1)

1

Federal Rule of Civil Procedure 25(a)(1) states:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties.  The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of summons . . . . Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of facts of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Fed. R. Civ. P. 25(a)(1).

The United States Court of Appeals for the Eleventh Circuit has recognized that once a suggestion of death has been properly filed, a district court is "empowered to set a time limit within which a substitution ha[s] to be consumated," after which a case may be dismissed. Escareno v. Carl Nolte Sohne GmbH & Co., 77 F.3d 407, 411 (11th Cir. 1996).  However, before a court may set that time limit, it must necessarily determine whether the suggestion of death has been properly filed and properly served.

### A.    Filing Requirement

A clear reading of Rule 25(a)(1) indicates a suggestion of death must be filed on the record in a case before the ninety-day time period for filing a motion for substitution begins. Numerous courts have recognized this requirement.  See, e.g., Grandbouche v. Lovell, 913 F.2d 835, 836 (10th Cir. 1990) (per curiam) (holding the 90-day limitation time "is not triggered unless a formal suggestion of death is made on the record, regardless of whether the parties have knowledge of a party's death"); Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994); Lake Lucerne Civic Ass'n, Inc. v. Dolphin Stadium Corp., 801 F. Supp. 684, 692 (S.D. Fla. 1992).

2

### B.     Service Requirement

The second requirement necessary to trigger the ninety-day clock envisioned in Rule 25(a)(1) is that the suggesting party must serve other parties and nonparties.  Per Rule 25(a)(1), the suggestion of death is served in the same manner as the motion to substitute.  Therefore, a party may be served through his attorney, pursuant to Federal Rule of Civil Procedure 5(b), but nonparties must be personally served, pursuant to Federal Rule of Civil Procedure 4(d)(1).  Numerous courts have found the nonparties for whom Rule 25(a)(1) contemplates personal service are the "successors or representatives of the deceased party."  See, e.g., Fariss v. Lynchburg Foundry, 769 F.2d 958, 962 (4th Cir. 1985);  Grandbouche, 913 F.2d at 837; Barlow, 39 F.3d at 233; Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 470 (2d 1998).  Some courts have even gone so far as to hold that service on a decedent's attorney alone was inadequate to trigger the ninety-day period.  See Fariss, 769 F.2d at 962-63 ("Either a motion to substitute or the suggestion of death should have been served on the nonparty representative of the deceased, not merely on the deceased's attorney, to satisfy Rule 25(a)(1).");  Grandbouche, 913 F.2d at 836-37 ("In the instant case, because the personal representative of decedent's estate did not receive service of any purported suggestion of death, the ninety-day limitations period did not begin to run.").

The rationale underpinning these holdings is simple.  As common sense dictates, "[p]ersonal service of the suggestion of death alerts the nonparty to the consequences of death for a pending suit, signaling the need for action to preserve the claim if so desired."  Fariss, 769 F.2d at 962; Schalow v. San Bernadino County, 1999 WL 685950 at *2 (9th Cir. 1999) ("The

3

policy underlying Rule 25's requirement that nonparties be served with a suggestion of death is protection for interested parties who otherwise may be unaware of the need to preserve the decedent's claims."). After all, "[t]he 90 day period was not intended to act as a bar to otherwise meritorious actions." Rende v. Kay, 415 F.2d 983, 986 (D.C. Cir. 1969).

## II.   ANALYSIS

Lewis filed a Suggestion of Death (Doc. # 33) on March 30, 2006, satisfying Rule 25(a)(1)'s filing requirement. However, in addition to filing this document with the Court, Lewis provided a Certificate of Service indicating she had served a copy of it only on defense counsel for the remaining three defendants in the case. Regardless of whether service of a decedent's attorney is adequate to trigger the ninety-day limitation in the Eleventh Circuit, in this case, Plaintiff was not represented by counsel. Stanford filed his complaint as a pro se litigant. Therefore, no service whatsoever has been affected on his nonparty representatives, through counsel or personally. This complete lack of service cannot be said to satisfy the direction of Rule 25(a)(1) or the interest of justice.

The Court recognizes that in some instances it may be difficult to determine a decedent's successor or representative and personally serve them. Nevertheless, the Court finds the following reasoning persuasive:

> it is generally appropriate to require the serving party to shoulder that burden, rather than permitting the absence of notice to decedent's representative to lead to forfeiture of the action. Absent personal service, there is no reason to presume that the successor or representative, who must decide whether to pursue the claim, is aware of the substitution requirement.

Fariss, 769 F.2d at 962.

## III.    CONCLUSION

For the reasons set forth above, the Court finds the requirements of service under Federal Rule of Civil Procedure 25(a)(1) have not been satisfied and directs Defendants serve the successors or representatives of Stanford's estate with the Suggestion of Death, pursuant to Federal Rule of Civil Procedure 4(d)(1).  Until the personal representative of decedent's estate has received service of the Suggestion of Death, the ninety-day limitations period to file a motion to substitute shall not begin to run.

SO ORDERED, this the 7th day of April, 2006.

**s/  Hugh Lawson**
HUGH LAWSON, JUDGE

pdl

5