IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **BOBBY T. STANFORD,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 7:05-cv-79 (HL) |
| | : | |
| **ASHLEY PAULK, et al.,** | : | |
| | : | |
| Defendant. | : | |

## ORDER

For the reasons set forth below, the Court finds the requirements of service necessary in this case have still not been satisfied. As a result, due to Defendants' ongoing failure to properly execute service, the ninety-day limitations period to file a motion to substitute shall not begin to run. The Court directs Defendants make the necessary corrections, discussed *infra*, at which point the Court shall determine whether a suggestion of death has been properly filed and properly served and shall set a time limit within which a substitution has to be consumated.

**I.    FACTUAL AND PROCEDURAL HISTORY**

On March 30, 2006, Defendant Shirley Lewis ("Lewis") filed a Suggestion of Death (Doc. # 33), alleging Plaintiff Bobby T. Stanford ("Stanford") had died on March 23, 2006. In addition to filing this document with the Court, Lewis provided a Certificate of Service indicating she had served a copy of it on defense counsel for the remaining three defendants in the case. On April 7, 2006, finding the requirements of service under Federal Rule of Civil

1

Procedure 25(a)(1) had not been satisfied, the Court ordered Defendants serve the successors or representatives of Stanford's estate with the Suggestion of Death, pursuant to Federal Rule of Civil Procedure 4(d)(1). (Doc. # 35.) Subsequently, on May 24, 2006, Erin Brownfield Raley ("Raley"), counsel for Lewis, filed an Affidavit (Doc. # 42) indicating Suggestions of Death had been served on three of Stanford's four children, as well as four related Affidavits of Service (Doc. #'s 38-41).

## II.   OUTSTANDING ERRORS IN SERVICE

### A.   Unidentified Individual

The first problem the Court notes regarding Defendants' filings concerns the presence of an unidentified individual. In her Affidavit, Raley asserts "Mr. Stanford fathered four children: Gwendolyn Toombs, 'Lil' Jennifer Stanford, 'Lil' Bobby Stanford and Angie Jackson." (Doc. # 42 at ¶ 4.) Raley further contends the "Suggestion of Death was personally served on three of the four children; Gwendolyn Toombs, Jennifer Stanford and Bobby Stanford." (Id. at ¶ 5.) This paragraph is followed by a citation which directs the reader to "Docs. 38-41."

However, when the Court examined Documents 38-41, it noted they constitute four documents, not three documents. The Court was also struck by the fact that while single Affidavits of Service exist for Gwendolyn Toombs (Doc. # 38) and Bobby Stanford (Doc. # 41), two Affidavits of Service name Jennifer Stanford (Doc. #'s 39, 40.) Upon closer examination, the Court could not help but notice one of the Affidavits (Doc. # 39) was actually signed by a "Janice Stanford." (Id. at 2.) Furthermore, the signature for this same "Janice Stanford"

appears as a co-signor on both Jennifer (Doc. # 40 at 2) and Bobby Stanford's (Doc. # 41 at 2) Affidavits. Finally, the Process Server indicated in the "Additional Information pertaining to this Service" sections of Jennifer and Bobby Stanford's Affidavits, that they were "at home and in the custody of [their] fifteen year old sister who also signed and receipted for this process." (Doc. # 40 at 1, Doc. # 41 at 1.)

This apparent discrepancy between Raley's Affidavit and the Affidavits of Service that have been submitted confuses the Court. The Court is unclear whether Janice Stanford is a daughter of Stanford, and therefore a successor of his estate, or not. In her Affidavit, did Raley mean to assert Stanford fathered *five* children? Or does Janice Stanford bear any relationship to the deceased at all? The Court directs the Defendants to clarify Janice Stanford's connection to this lawsuit, and if she is a successor of Stanford's estate, Defendants are directed to properly serve her with a Suggestion of Death.[1]

### B.    Improper Service on Minors

Federal Rule of Civil Procedure 4(g) states,

> Service upon an infant or an incompetent person in a judicial district of the United States shall be effected in the manner prescribed by the law of the state in which the service was made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction in that state.

Fed. R. Civ. P. 4(g).

Here, service was attempted to be made upon a 12 year-old (Jennifer Stanford) and an

---

[1] Per the discussion *infra*, Defendants' attempts to date to serve Janice Stanford, should she require service, appear insufficient.

11 year-old (Bobby Stanford) in the State of Georgia. Per O.C.G.A. 9-11-4(e)(3), personal service on a minor is accomplished by delivery of a copy of the complaint and summons to the minor, personally, and to the minor's father, mother, guardian, or duly appointed guardian ad litem. Additionally, the Court of Appeals of Georgia has held, given the unequivocal language of O.C.G.A. 9-11-4(e)(3), strict compliance with its provisions is necessary for proper service of process on a minor. See, e.g., Trent v. Franco, 558 S.E.2d 66, 69 (Ga. App. 2001).

Clearly, 12 year-old Jennifer Stanford and 11 year-old Bobby Stanford are minors, and equally clearly, the service that was required on their mother, guardian or duly appointed guardian ad litem by Georgia state law was not completed. The Court finds the process server's assertions that "Cellular telephone communication was in constant use between Mrs. Jennifer Stanford, mother, and this Server while on premises" and that "Mrs. Stanford was very cooperative during this contact" insufficient. (Doc. # 40 at 1, Doc. # 41 at 1.) Cellular phone conversations, cooperative or not, do not equal signatures. Similarly, the co-signing of "Janice Stanford," an individual the identity of whom the Court has already established it does not even know, is equally insufficient. Even should Janice Stanford prove to be the sister of Jennifer and Bobby Stanford, there has been no indication that she is their official "guardian," only their babysitter. Finally, the Court notes that if Janice Stanford is determined to be a successor of Stanford's estate, then her service is improper for the same rationale as that of Jennifer and Bobby Stanford—Janice Stanford is 15 years old, and the age of minority in Georgia is 18 years old. In order to properly serve the two or three minors in this case who require service, Defendants have additional work to do.

**III.     CONCLUSION**

For the reasons set forth above, the Court again finds the requirements of service under Federal Rule of Civil Procedure 25(a)(1) have not been satisfied and directs Defendants properly serve the aforementioned successors or representatives of Stanford's estate with the Suggestion of Death, pursuant to Federal Rule of Civil Procedure 4(d)(1) and O.C.G.A. 9-11-4(e)(3).  Until the successors or representatives of decedent's estate have received service of the Suggestion of Death, the ninety-day limitations period to file a motion to substitute shall not begin to run.

SO ORDERED, this the 31st day of May, 2006.

s/   Hugh Lawson
HUGH LAWSON, JUDGE

pdl