# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **BOBBY T. STANFORD,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:05-cv-79 (HL) |
| **ASHLEY PAULK, et al.,** | : | |
| Defendants. | : | |

## ORDER

The Court finds the Suggestion of Death in this case has been properly filed and properly served. As a result, the ninety-day limitations period to file a motion for substitution shall begin to run from the date of entry of this Order.

**I.   FACTUAL AND PROCEDURAL HISTORY**

On March 30, 2006, Defendant Shirley Lewis ("Lewis") filed a Suggestion of Death (Doc. # 33), alleging Plaintiff Bobby T. Stanford ("Stanford") had died on March 23, 2006. Since Defendants filed this Suggestion of Death, they have made numerous attempts to properly serve it upon the required parties and nonparties. Initially, Lewis provided a Certificate of Service indicating she had served a copy of it on defense counsel for the remaining three defendants in the case. (Id.) On April 7, 2006, the Court found the requirements of service under Federal Rule of Civil Procedure 25(a)(1) had not been satisfied, and ordered Defendants to serve the successors or representatives of Stanford's estate with the Suggestion of Death,

1

pursuant to Federal Rule of Civil Procedure 4(d)(1).  (Doc. # 35.)  Subsequently, on May 24, 2006, Erin Brownfield Raley ("Raley"), counsel for Lewis, filed an Affidavit (Doc. # 42) indicating Suggestions of Death had been served on three of Stanford's four children, as well as four related Affidavits of Service (Doc. #'s 38-41).  In response, the Court filed an Order finding Defendants had introduced an unidentified individual into the case and improperly served two of Stanford's children.[1]  (Doc. # 43.)  Finally, Raley filed an Amended Affidavit (Doc. # 47), explaining the presence of the unidentified individual, contending the improper service had been corrected and explaining Defendants' inability to serve Stanford's fourth child.  Defendants further filed two Affidavits of Service.  (Doc. #'s 44, 45.)

**II.   ANALYSIS**

    **A.   Propriety of Service**

        **1.   Unidentified Individual**

In her Amended Affidavit, Raley asserts Janice Stanford, the previously unidentified individual in this case, is the child of Stanford's ex-spouse, Jennifer Stanford.  (Doc. # 47 ¶ 4.)  Raley further contends Janice Stanford does not bear any relationship to the deceased whatsoever.  (Id. ¶¶ 4, 6, 8.)  Despite this statement, Defendants indicate that service of the Suggestion of Death was made on Janice Stanford, "[t]o cover any potential future assertion that Janice Stanford is an heir at law."  (Id. ¶ 8.)  An Affidavit of Service for Janice Stanford has, in fact, been entered.  (Doc. # 45.)  For the reasons discussed *infra*, the Court finds

---

[1] The Court finds Defendants properly served one of Stanford's children, Gwendolyn Toombs, as reflected by the Affidavit of May 23, 2006.  (Doc. # 38.)

Janice Stanford, a 15-year-old minor child, has been properly served with the Suggestion of Death in this case. The Court expresses no opinion on whether Janice Stanford may be related to the deceased or whether she was entitled to be served with a suggestion of death.

### 2. Service on Minors

As discussed in the Court's May 31, 2006 Order, service on the minor children successors or representatives of Stanford's estate in this case must conform with O.C.G.A. § 9-11-4(e)(3), per Federal Rule of Civil Procedure 4(d)(1). Pursuant to O.C.G.A. § 9-11-4(e)(3), personal service on a minor is accomplished by delivery of a copy of the complaint and summons to the minor, personally, and to the minor's father, mother, guardian, or duly appointed guardian ad litem. Previously, Defendants had delivered a copy of the Suggestion of Death to the minor children, 11-year-old Jennifer Stanford[2] and 12-year-old Bobby Stanford, personally. (Doc. #'s 40, 41) However, Defendants had failed to serve the minors' mother, guardian, or duly appointed guardian ad litem. Therefore, service on the minors was improper. With the most recent filings in this case, the Court finds Defendants have now delivered a copy of the Suggestion of Death to Jennifer and Bobby Stanford's mother, Jennifer Stanford. (Doc. # 44.) Accordingly, Defendants have properly served these minor children,[3] according to the laws of the State of Georgia.

---

[2] The Court notes a disagreement exists about whether Stanford was the biological father of 11-year-old Jennifer Stanford. (Doc. # 42 at 1 n.1; Doc. # 47 at 1 n.1.) The Court expresses no opinion on this question, and merely examines whether Jennifer Stanford was properly served.

[3] Again, the Court finds the minor child Janice Stanford has been properly served, should it later be determined she required service. (Doc. #'s 44, 45.)

### 3.     Unlocated Individual

In both her Affidavit and her Amended Affidavit, Raley discloses the existence of Stanford's fourth child, Angie Jackson ("Jackson"), as well as Raley's unsuccessful efforts to locate her.  (Doc. # 42 ¶¶ 4, 6-8; Doc. # 47 ¶¶ 4, 9-11.)  In particular, Raley asserts she spoke with Gwendolyn Toombs (Jackson's sister), Jennifer Stanford (Stanford's ex-wife), and Lucille McRae (Stanford's aunt), and none were able to tell her how to locate Jackson.  (Doc. # 47 ¶ 9.)  Raley made further efforts to locate Jackson, carrying out internet searches, leaving telephone messages for individuals of the same name in Florida (Jackson's last known state of residence), and conducting searches to determine whether she was incarcerated or deceased. (Id. ¶ 10.)

In its April 7, 2006 Order, the Court explained the reason it was placing the burden of serving Stanford's successors upon Defendants' shoulders was because it found the reasoning of the United States Court of Appeals for the Fourth Circuit persuasive that:

> it is generally appropriate to require the serving party to shoulder that burden, rather than permitting the absence of notice to decedent's representative to lead to forfeiture of the action.  Absent personal service, there is no reason to presume that the successor or representative, who must decide whether to pursue the claim, is aware of the substitution requirement.

Fariss v. Lynchburg Foundry, 769 F.2d 958, 962 (4th Cir. 1985).

While the Court still believes this approach best serves the ends of justice, it simultaneously recognized in its previous Order that in some instances it may be difficult to determine a decedent's successor or representative and personally serve them.  In the present case, the Court is satisfied Defendants have made a thorough, good faith effort to locate

4

Stanford's successors or representatives. Defendants' lack of success in locating Jackson appears to be through no fault of their own, and the Court relieves Defendants of any further duty to locate her.[4]

### B.     Ninety-Day Limitation to File a Motion for Substitution

Federal Rule of Civil Procedure 25(a)(1) contemplates that once a suggestion of death has been filed on the record in a case and served on all proper parties and nonparties, a ninety-day time period for filing a motion for substitution begins. The United States Court of Appeals for the Eleventh Circuit has confirmed that a district court is "empowered to set a time limit within which a substitution ha[s] to be consumated," after which a case may be dismissed. Escareno v. Carl Nolte Sohne GmbH & Co., 77 F.3d 407, 411 (11th Cir. 1996). Here, the Court determines a suggestion of death has been properly filed and served on all parties and locatable nonparties. Therefore, the Court finds a motion for substitution must be made by a party or by the successors or representatives of the deceased party within ninety days from the filing of this Order, or the case will be dismissed.

### III.    CONCLUSION

The requirements under Federal Rule of Civil Procedure 25(a)(1) for filing and service of a Suggestion of Death have been satisfied. Parties in this case and/or successors or representatives of Stanford's estate have ninety days from the date of entry of this Order to file

---

[4] In conjunction with the Court's discussion *infra*, regarding the ninety-day limit to file a motion for substitution, should Jackson become aware of this lawsuit within the next ninety days, she would, of course, be free to file a motion for substitution.

a motion for substitution as to Stanford.  If no motion for substitution is filed within those ninety days, this case shall be dismissed.

SO ORDERED, this the 7th day of June, 2006.

**s/     Hugh Lawson**
HUGH LAWSON, JUDGE

pdl